**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**


**EVLUTION NUTRITION, LLC,**

                    **Plaintiff,**               **Civil Action No.**

    **v.**


**CELSIUS HOLDINGS, INC.,**

                    **Defendant.**

_____/

## COMPLAINT

Plaintiff, Evlution Nutrition, LLC ("Evlution"), by its undersigned attorneys, for its complaint against Defendant, Celsius Holdings, Inc. ("Defendant"), alleges as follows:

### NATURE OF THE ACTION

1.      Evlution brings this action against Defendant for trademark infringement and trademark dilution under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), as well as trademark infringement under Florida common law.

### PARTIES AND JURISDICTION

2.      Plaintiff, Evlution, is a Florida corporation with its principal place of business at 1560 Sawgrass Corporate Parkway, 4th Floor, Sunrise, Florida 33323. Evlution is a prominent dietary and nutritional supplement company. Evlution's products are sold in numerous domestic and international markets via its website and other popular stores and online marketplaces, such as GNC, Amazon, and Bodybuilding.com.

-1-

3.      Upon information and belief, Defendant is a Florida corporation with its principal place of business at 2424 North Federal Highway, #208, Boca Raton, FL 33431.  Defendant manufactures beverages that contain nutritional supplements.

4.      This Court has original jurisdiction over the claims arising under the Lanham Act pursuant to 28 U.S.C. §§1331, 1338 and 15 U.S.C. § 1121.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

6.      This Court has personal jurisdiction over Defendant because it committed tortious acts in Miami-Dade County, Florida.

## **GENERAL ALLEGATIONS**

7.      Evlution owns and prominently uses the trademark BCAA ENERGY for a line of products that contain branch-chain amino acids.

8.      Evlution owns several trademark registrations on the supplemental register for the BCAA ENERGY mark: a standard word mark that has been in use and registered since 2014 (USPTO Reg. No. 4634529) and two stylized marks that have been in use since 2014 and registered since 2018 (Reg. Nos. 5420185 and 5420186).

9.      In addition, Evlution owns a registration on the principal register for EVLUTION BCAA ENERGY (Reg. No. 4675545) (collectively, these registrations shall be referred to as the "Marks").

10.      Evlution's BCAA ENERGY product line contains its best-selling products.

11.      Evlution has spent nearly $3 million in advertising and promotions for this line in the past two years.

12.      Sales of its BCAA ENERGY products have steadily increased over $1 million each year and have surpassed $25 million in total sales since 2016.

13.     On Bodybuilding.com, Evlution's products are currently ranked third on the site with over 1.5 million views annually.

14.     On Amazon.com, BCAA ENERGY products receive another 300,000 views per year.

15.     BCAA ENERGY also is sold nationally in 4,500 Walmart Supercenters, where it receives thousands of views every day.

16.     Accordingly, the BCAA ENERGY mark is famous and closely associated in the public's mind with Evlution's products.

17.     Defendant, without authorization or consent, recently introduced a beverage that uses the mark BCAA + ENERGY.

18.     The BCAA + ENERGY mark is confusingly similar to Evlution's BCAA ENERGY mark.

19.     In addition, the Defendant's BCAA + ENERGY product – a beverage that contains branch-chain amino acids – is similar to the products Evlution offers in its BCAA ENERGY line.

20.     Further, Defendant's label features the words "BCAA" and "ENERGY" stacked on top of each other, similar to Evlution's label.

21.     Evlution multiple letters to Defendant demanding that it cease using a mark so similar to its BCAA ENERGY mark, but Defendant refused.

22.     Defendant's use of a mark so confusingly similar to Evlution's BCAA ENERGY mark constitutes, *inter alia*, trademark infringement under the Lanham Act and Florida common law.

23.     Further, Defendant's unauthorized and unlicensed use of a mark confusingly similar to the BCAA ENERGY mark has caused dilution of Evlution's mark.

24.      As a result of Defendant's actions, Evlution has been damaged in an amount to be determined at trial.

25.      The unlawful activities of Defendant have resulted in and will continue to cause irreparable harm and injury to Evlution.  Among other harms, these acts confuse consumers into believing that Evlution endorses Defendant and/or that Evlution and Defendant are affiliated, which is patently false.

26.      Indeed, at this year's Olympia Fitness & Performance Weekend – a fitness industry showcase event where both Evlution and Defendant had booths – several attendees asked Evlution's representatives whether Defendant's product was manufactured by Evlution, thus demonstrating the existence of *actual* consumer confusion.  Defendant's staff even began handing out Defendant's samples directly in front of Evlution's booth, making it clear that the confusion was intentional.

27.      Upon information and belief, all of the misconduct complained of herein was knowing, intentional, willful and committed with knowledge of and in blatant disregard for Evlution's rights.

<u>**COUNT I – TRADEMARK INFRINGEMENT**</u>

28.      Evlution repeats and reincorporates the allegations contained in Paragraphs 1 through 27 as if fully set forth herein.

29.      Defendant's actions constitute unlawful trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a).

30.      Evlution has registered trademarks for BCAA ENERGY and EVLUTION BCAA ENERGY, as well as protectable common law rights in the BCAA ENERGY mark.

-4-

31.     Defendant is using a confusingly similar mark for its beverages that contain nutritional supplements.

32.     Defendant's unauthorized use of a mark so similar to Evlution's will create a likelihood of confusion by leading consumers to believe that Evlution endorses Defendant and/or that Evlution and Defendant are affiliated.

33.     As a result, Evlution has suffered damages in an amount to be determined at trial.

34.     Further, these unlawful activities of Defendant have resulted in and will continue to result in irreparable harm and injury to Evlution.

WHEREFORE, Plaintiff, Evlution, requests entry of judgment against Defendant, an award of damages, attorneys' fees and costs, preliminary and permanent injunctive relief, and such other relief as this Court deems appropriate.

## COUNT II – FLORIDA COMMON LAW TRADEMARK INFRINGEMENT

35.     Evlution repeats and reincorporates the allegations contained in Paragraphs 1 through 27 as if fully set forth herein.

36.     Evlution owns a valid trademark entitled to protection under Florida common law.

37.     Defendant's use of a mark that is confusingly similar in connection with its beverages that contain nutritional supplements is likely to cause confusion, mistake and deception among consumers as to whether Defendant's business is affiliated with, sponsored or endorsed by Evlution.

38.     As a result, Evlution has suffered damages in an amount to be determined at trial.

39.     Further, this conduct constitutes trademark infringement under Florida common law and has resulted in and will continue to result in irreparable harm and injury to Evlution.

WHEREFORE, Plaintiff, Evlution, requests entry of judgment against Defendant, an

award of damages, attorneys' fees and costs, preliminary and permanent injunctive relief, and such other relief as this Court deems appropriate.

## <u>COUNT III – TRADEMARK DILUTION</u>

40.     Evlution repeats and reincorporates the allegations contained in Paragraphs 1 through 27 as if fully set forth herein.

41.     Defendant's actions constitute unlawful trademark dilution in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

42.     Evlution's marks are "famous marks" within the meaning of the Lanham Act and were famous prior to Defendant's conduct as alleged herein.

43.     Defendant's use of a mark so similar to Evlution's marks for commercial advertising purposes dilutes the distinctive quality of the marks, and was done with the willful intent to trade on Evlution's reputation.

44.     Defendant's unauthorized use of Evlution's marks in connection with its beverages that contain nutritional supplements was done with notice and full knowledge that such use was not authorized or licensed by Evlution.

45.     Defendant's acts are in knowing and willful violation of Evlution's rights under section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

46.     As a result, Evlution has suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiff, Evlution, requests entry of judgment against Defendant, an award of damages, attorneys' fees and costs, preliminary and permanent injunctive relief, and such other relief as this Court deems appropriate.

Dated: January 24, 2020

Respectfully submitted,


/s Eric D. Isicoff
    Eric D. Isicoff
    Fla. Bar No. 372201
    Isicoff@irlaw.com
    Carolina A. Latour
    Florida Bar No. 32412
    Latour@irlaw.com

    ISICOFF RAGATZ
    601 Brickell Key Drive
    Suite 750
    Miami, Florida  33131
    Tel.: (305) 373-3232
    Fax: (305) 373-3233
    *Attorneys for Plaintiff*